UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-383-FDW
3:17-cr-134-FDW-SCR-50

| | |
|---|---|
| **ROBERT ALLEN MCCLINTON,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's pro se "Motion Pursuant 59(e)" [Doc. 11].

Petitioner pleaded guilty to RICO conspiracy and two counts of possession with intent to distribute cocaine base, and he was sentenced to 43 months' imprisonment followed by three years of supervised release in the underlying criminal case. [3:17-cr-134 ("CR") Docs. 1598, 2243]. Petitioner was charged with violating the conditions of his supervised release by committing new law violations for which he was charged in Case No. 3:19-cr-394. He was found guilty of the supervised release violation in the instant case, and he was also convicted on the new charges in Case No. -394. [CR Doc. 3237, 3240; 3:19-cr-394 Doc. 47]. Petitioner was sentenced to 24 months' imprisonment for violating supervised release, consecutive to the sentence in Case No. -394. [See CR Doc. 3237, 3240]. Petitioner's consolidated appeal was dismissed. [See CR Doc. 3389].

Petitioner filed a § 2255 Motion to Vacate dated June 7, 2023, challenging the new law convictions, Civil Case No. 3:23-cv-364-FDW. The Court ordered the United States to respond to

1

the § 2255 petition on June 28, 2023, and the United States filed its response on September 27, 2023 [3:23-cv-364 Docs. 2, 4]. Petitioner requested an extension of time to reply, which was granted, but no reply was filed. [3:23-cv-364 Doc. 5; Nov. 20, 2023 Text-Only Order]. The Court dismissed and denied the § 2255 petition in Case No. -364 on January 9, 2024. [3:23-cv-364 Doc. 6].

The instant § 2255 petition challenging the revocation of his supervised release was filed in June 2023. [Doc. 1]. The envelope indicates that the petition was mailed to the Court by "ELLIOTT RE – ENTRY CONSULTING, SANDRA ELLIOTT, 9128 COLLIER'S CHAPEL CHURD RD, LINDEN NC 28356." [Doc. 1-1]. The petition was not verified in accordance with the § 2255 Rules so, on July 7, 2023, the Court ordered Petitioner to sign a verification form and to return it to the Court within 14 days. [Doc. 2]. The Order was mailed to the Petitioner at his address of record at the Lee U.S. Penitentiary (Lee USP). [Doc. 2 at 1]. On July 24, 2023, the Court received the signed verification form, dated July 16, 2023, with a return address from Petitioner at the Lee USP. [Docs. 3, 3-1]. The Court ordered the United States to respond to the § 2255 petition and, on June 25, 2023, the United States filed its Response that was served on Petitioner at his address of record at Lee USP. [Doc. 5 at 12]. On October 25, 2023, Petitioner filed a handwritten "Request for Extension of Time to Reply to Government's Response," noting that he had not received the Response until October 20, 2023.[1] [Doc. 6]. The Petitioner filed a Reply dated December 5, 2023 for which the return address is Petitioner at Lee USP. [Docs. 7, 7-1].

On January 10, 2024, the Court entered an Order dismissing and denying § 2255 relief in the instant case. [Doc. 8]. The Order and the Clerk's Judgment [Doc. 9] were mailed to the

---

[1] In the "Request," Petitioner states that he is attempting to reply to the Response that was "filed on September 25, 2023 with a post-mark of September 26, 2023." [Doc. 6 at 1].

2

Petitioner at Lee USP that same day.

On February 7, 2024, the Court received: a "2nd Affidavit of Robert Allen McClintock" in support of his claim of ineffective assistance of counsel [Doc. 10-1]; a verified Letter stating that a paralegal may have filed the instant § 2255 action without Petitioner's approval [Doc. 10-2]; and the instant "Motion Pursuant 59(e)." [Doc. 11]. In the instant Motion, Petitioner states under penalty of perjury that: his family hired a paralegal service to help him draft a § 2255 but Petitioner "abandoned" that service when the paralegal would not follow his instructions; he has not seen any draft of the paralegal's work; he did not sign any § 2255 pleading other than the April 7, 2023 petition; and the paralegal service may have drafted, signed, and filed a § 2255 petition without Petitioner's approval. He asks the Court to strike "all § 2255's unsigned or signed and dated other than April 7, 2023 – because it would be unauthorized."[2] [Doc. 11 at 3].

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). It is the moving party's burden to establish one of these grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. Hughes

---

[2] He also asks the Court to require the United States to respond to the April 7 petition. This is moot because the Court did order the United States to respond to the April 7 petition in Case No. 3:23-cv-364, and the United States complied. [3:23-cv-364 Docs. 2, 4].

v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

Here, the Petitioner contends that this action was filed without his authorization. This claim is belied by the record, which indicates that the Plaintiff adopted the petition by verifying it, and personally litigated this action. He has failed to carry his burden of proving an intervening change in controlling law, new evidence that was not available at trial, or a clear error of law; nor has he shown that relief is needed to prevent a manifest injustice. He has failed to demonstrate any basis for Rule 59(e) relief and the Motion will, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Pursuant 59(e)" [Doc. 11]is **DENIED**.

Signed: March 19, 2024

Frank D. Whitney
United States District Judge